UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA D. PARTHEMORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KIRAN DEEP SINGH TOOR, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-0307-AWI-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 5<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

　　　　On January 30, 2014, Ira D. Parthemore ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

　　　　Plaintiff's Complaint is now before the Court for screening. (Compl., ECF No. 5.)

**I.   SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been


paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II.  PLAINTIFF'S CLAIMS

Plaintiff is incarcerated at Valley State Prison ("VSP"), where the events at issue in his Complaint occurred. Plaintiff alleges that Defendants violated Plaintiff's rights under the Eighth Amendment by providing him with inadequate medical care. Plaintiff names the following individuals as defendants: 1) Kiran Deep Singh Toor, California Department of Corrections and Rehabilitation ("CDCR") staff physician at VSP; 2) Nagabhushana Siddappa Malakkla, chief physician and surgeon at VSP; 3) Pal Singh Virk, chief medical executive at VSP; and 4) Tim Neal, chief executive officer at VSP.

More specifically, Plaintiff's alleges as follows:

Prior to his transfer to VSP, Plaintiff was prescribed the drug "Celebrex" for pain from arthritis and prior injuries. (Compl. at 4.) After his April 2013 transfer, Defendant Toor was assigned as Plainitff's physician and discontinued the Celebrex before examining Plaintiff. (Id.) When the two met, Defendant Toor told Plaintiff that Celebrex was not prescribed at VSP. (Id.) This statement was a fabrication; other inmates were provided Celebrex during the same time period. (Id.) Defendant Toor did not examine Plaintiff and refused to read Plaintiff's medical records. (Id. at 5.) Plaintiff renewed his request for Celebrex several times between May and October of 2013. (Id. at 6.)

Defendants Malakkla and Virk, other doctors at VSP, also denied Plaintiff's requests for Celebrex without examining him. (Compl. at 5.) Defendant Neal did not examine him. (Id.) Defendants Toor, Malakkla, and Virk denied Plaintiff's grievances regarding his need for Celebrex. (Id. at 6.)

Plaintiff asks for compensatory and punitive damages. He also asks that the Court order that no retaliation be taken against him and that CDCR reinstate his Celebrex.

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. Eighth Amendment – Inadequate Medical Care

Plaintiff alleges that Defendants subjected him to inadequate medical care in violation of the Eighth Amendment by not providing him with Celebrex.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith,

974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson, 290 F.3d at 1188).

Plaintiff has alleged a serious medical condition. He alleges he suffers from "severe" pain in various parts of his body and requires medical treatment.

Plaintiff fails to explain how Defendants Malakkla, Virk, and Neal were deliberately indifferent to his serious medical condition. He alleges that Defendants Malakkla and Virk refused to provide him with Celebrex, that all three failed to properly examine him, and that Defendants Malakkla and Virk denied his grievances. Plaintiff does not provide any facts relating to when he saw these Defendants, what he told them, what they found, what they told him, what they said about why they were treating him or refusing to treat him as alleged, whether they provided or recommended any treatment at all, or what resulted from their treatment or lack of treatment. He will be given leave to amend his Eighth Amendment claim against them. If he elects to amend, he should include additional details about his interactions with these Defendants so that the Court can evaluate whether they acted with medical indifference or not.

Plaintiff also fails to include sufficient allegations to enable the Court to evaluate Defendant Toor's decision not to prescribe Celbrex. From the exhibits attached to Plaintiff's Complaint, it appears Defendant Toor provided Plaintiff with alternate painkillers because VSP did not authorize the use of Celebrex, and Plaintiff simply disagreed with that course of

treatment. Even if, as Plaintiff suggests, Defendant Toor gave a false reason for not providing Celebrex (i.e., that it was not authorized), "[A] difference of opinion between a physician and the prisoner-or between medical professionals-concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Plaintiff does not set forth any facts which would suggest that the course of treatment selected by Defendant Toor reflected deliberate indifference toward Plaintiff. Plaintiff will be given leave to amend his claim against Defendant Toor.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff=s constitutional rights, Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's Complaint, filed February 26, 2014, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 29, 2014              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE