UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA D. PARTHEMORE,<br><br>    Plaintiff,<br><br>v.<br><br>KIRAN DEEP SINGH TOOR, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-0307-AWI-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 16)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's complaint (ECF No. 5) and dismissed it for failure to state a claim, but gave leave to amend (ECF No. 15). Plaintiff has since filed an amended complaint (ECF No. 16), which is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Valley State Prison ("VSP"), where the acts giving rise to his complaint occurred. Plaintiff names as Defendants: 1) Kiran Deep Singh Toor, Physician at VSP, 2) Nagabhushana Siddappa Malakkla, Chief Medical Officer at VSP, 3) Pal Singh Virk, Chief Medical Executive at VSP, and 4) Tim Neal, Chief Executive Officer at VSP.

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff is 74 years old and has had severe arthritis in all of his joints for over ten years. Plaintiff previously was incarcerated at Mule Creek State Prison, and was receiving the "non-formulary" drug Celebrex for his arthritis pain. Plaintiff had been on Celebrex for approximately seven years. He has tried at least three other medications that were not effective in treating his pain.

On April 22, 2013, Plaintiff was transferred to VSP and to the care of Defendant Toor. Dr. Toor stopped Plaintiff's Celebrex prescription on April 29, 2013, without having seen or examined Plaintiff.

Plaintiff was seen by Dr. Toor on May 13, 2013, at which time Dr. Toor told Plaintiff that his Celebrex prescription had expired on April 30, 2013. This information was false. Plaintiff's Celebrex prescription did not expire until November 2013.

Dr. Toor also told Plaintiff that Celebrex is never given at VSP due to its cost. This information was false. Plaintiff knows other inmates who are receiving Celebrex.

Dr. Toor offered Plaintiff Tylenol with codeine, but Plaintiff cannot take codeine due to gastrointestinal problems. Plaintiff told Dr. Toor of his gastrointestinal issues. Plaintiff's medical records also addressed these issues, as well as Plaintiff's medication history, but Dr. Toor refused to review the records.

At the May 13, 2013 visit, Plaintiff asked Dr. Toor to submit a Nonformulary Drug Request form so Plaintiff could continue to receive Celebrex. Dr. Toor submitted the form, but provided false information to deprive Plaintiff of the medication. Specifically, Dr.

Toor indicated the medication was only for shoulder pain when he knew it was for pain throughout Plaintiff's body. Also, Dr. Toor indicated, falsely, that Plaintiff had not tried alternatives to Celebrex. Dr. Toor identified "Risk for side effects" as the reason for the request, and that is not an appropriate justification.

The Nonformulary Drug Request was denied by Defendants Malakkla and Virk, who never examined Plaintiff. As a result of the denial of his medication, Plaintiff has suffered constant and severe pain. He seeks compensatory and punitive damages.

## IV. ANALYSIS

### A. Medical Indifference

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

Plaintiff's allegation that he suffers "severe" pain in all of his joints and requires medical attention for it is sufficient to allege a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff has not alleged sufficient facts to show that Defendants were deliberately indifferent to his pain. Plaintiff's allegations reflect that Dr. Toor was aware of

Plaintiff's pain, offered Plaintiff pain medication and, upon being informed of Plaintiff's history with Celebrex and other medications, submitted a Nonformulary Drug Request for Celebrex for Plaintiff. Thus, Plaintiff's allegations do not indicate that Dr. Toor purposefully failed to respond to Plaintiff's pain. Further, the allegations that Dr. Toor made incorrect statements and submitted an incorrect justification on the Nonformulary Drug Request form might well suggest negligence or medical malpractice, but these acts do not necessarily identify purposeful misstatement or deliberate indifference. The allegation that Defendant made "false" statements which interfered with Plaintiff getting the medication he sought arguably can be read to reflect negligent misstatement as well as intentional misleading. The court cannot tell which Plaintiff intended or, more importantly, what facts, if any, might support an allegation of knowing misstatement. Plaintiff has not alleged facts to show that Dr. Toor knew that his statements were false or would lead to the denial of Plaintiff's Celebrex. See Twombly, 550 U.S. at 570 (plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible").

The allegation that Defendants Malakkla and Virk denied the Nonformulary Drug Request is not, standing alone, sufficient to allege deliberate indifference. Without more, the Court cannot determine whether this decision reflects a purposeful failure to respond to Plaintiff's pain or mere difference of opinion regarding appropriate treatment and pain medication.

The Court will provide Plaintiff **one last opportunity** to amend. If Plaintiff chooses to amend, he must allege facts to show that he complained to prison officials that the prescribed medication was ineffective, that he continued to suffer severe pain, and that the Defendants knowingly, purposefully, failed to respond to his complaints. Plaintiff must include the facts which support his claims in this regard. It is not enough just to allege wrongdoing.

**B.     Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff must allege how each individual defendant personally participated in the deprivation of his rights. He has not so linked Defendant Neal to his claims here. If Plaintiff chooses to amend, he must describe specifically what each defendant did to violate his rights.

**V.     CONCLUSION AND ORDER**

Plaintiff's first amended complaint does not state a claim for relief. The Court will grant Plaintiff one last opportunity to file an amended complaint consistent with the foregoing. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his first amended complaint, filed May 8, 2014;

2. Plaintiff's first amended complaint (ECF No. 16) is DISMISSED for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order,

///
///
///
///

7

1 | the Court will recommend that this action be dismissed, with prejudice, for failure to state
2 | a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   September 3, 2014           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE