UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA D. PARTHEMORE,<br><br>                Plaintiff,<br><br>       v.<br><br>KIRAN DEEP SINGH TOOR, et al.,<br><br>                Defendants. | CASE NO. 1:14-cv-0307-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 23)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

The Court screened Plaintiff's complaint (ECF No. 5) and dismissed it for failure to state a claim, but gave leave to amend (ECF No. 15). Plaintiff's first amended complaint (ECF No. 16) also was dismissed with leave to amend (ECF No. 17). Plaintiff's second amended complaint is now before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.     PLAINTIFF'S ALLEGATIONS

Plaintiff complains of acts that occurred during his incarceration at Valley State Prison ("VSP"). Plaintiff names as Defendants: 1) Kiran Deep Singh Toor, Physician at VSP, 2) Nagabhushana Siddappa Malakkla, Chief Medical Officer at VSP, and 3) Pal Singh Virk, Chief Medical Executive at VSP.

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff is 74 years old and has had severe arthritis in all of his joints for over twelve years. Plaintiff previously was incarcerated at Mule Creek State Prison, and was receiving the "non-formulary" drug Celebrex for his arthritis pain. Plaintiff had been on Celebrex for over seven years. Other medications were not effective in treating his pain.

On April 22, 2013, Plaintiff was transferred to VSP and to the care of Defendant Toor. Dr. Toor stopped Plaintiff's Celebrex prescription before seeing or examining Plaintiff. When Plaintiff saw Dr. Toor on May 13, 2013, Dr. Toor lied by telling Plaintiff that his Celebrex prescription had expired on April 30, 2013. However, Plaintiff's Celebrex prescription did not expire until November 9, 2013. Dr. Toor also falsely stated that Celebrex is never given at VSP. However, other inmates were periodically receiving Celebrex.

Plaintiff asked Dr. Toor to review his medical records to verify that other medications had been ineffective. Dr. Toor refused to review the records and offered Plaintiff Tylenol, Tylenol with codeine, and Naproxin. Plaintiff informed Dr. Toor that these medications were ineffective and that Plaintiff could not tolerate codeine.

Plaintiff demanded that Dr. Toor submit a Nonformulary Drug Request form so Plaintiff could continue to receive Celebrex. Dr. Toor completed the form "in such a

manner as to guarantee denial." Defendant Malakkla denied the request. Plaintiff filed grievances, which were denied by Defendants Malakkla and Virk.

When Plaintiff later discovered that his Celebrex prescription had not expired, but rather had been cancelled by Dr. Toor, Dr. Toor informed him that the prescription was cancelled due to cost, and that Dr. Toor could do nothing further. Plaintiff also requested to see a specialist, and Dr. Toor denied the request.

Plaintiff continues to suffer severe arthritic pain. His condition has deteriorated since the Celebrex prescription was cancelled. He now requires a cane to walk, has a slower gait, and has extreme pain when sitting down and standing up.

Plaintiff seeks the reinstatement of his Celebrex prescription, and compensatory and punitive damages.

## IV. ANALYSIS

### A. Medical Indifference

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id.; see also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not

4

only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Plaintiff's allegation that he suffers from severe arthritis is sufficient to allege a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); see also McGuckin, 974 F.2d at 1059-60. However, Plaintiff has not alleged sufficient facts to show that Defendants were deliberately indifferent to his pain.

Plaintiff's allegation that Dr. Toor discontinued his Celebrex prescription without examining him, standing alone, is insufficient to demonstrate deliberate indifference. Plaintiff argues that this action reflects deliberate indifference because Dr. Toor certainly had to have reviewed his medical records before altering his pain medication, and thus must have been aware that other medications were ineffective. At the same time, however, Plaintiff contends that Dr. Toor refused to review his medical records. Regardless of whether Dr. Toor should have or did review Plaintiff's medical records, there are no facts alleged to indicate that Dr. Toor actually was aware that discontinuing Celebrex approximately two weeks prior to Plaintiff's examination would create a significant risk of harm to Plaintiff or that Dr. Toor deliberately ignored that risk.

Additionally, Plaintiff has failed to allege that Dr. Toor's refusal to provide Celebrex reflected deliberate indifference to Plaintiff's health. Plaintiff's allegations reflect that Dr. Toor was aware of Plaintiff's pain, offered Plaintiff pain medication and, upon being informed of Plaintiff's history with Celebrex and other medications, submitted a Nonformulary Drug Request for Celebrex for Plaintiff. Thus, Plaintiff's allegations indicate that Dr. Toor did not fail to respond to Plaintiff's pain complaints. Further, the allegation that Dr. Toor purposefully made false statements on the Nonformulary Drug Request form in order to guarantee denial of the request is unsupported by any alleged facts and appears based exclusively upon speculation. Plaintiff contends Dr. Toor must have known the statements were false based on a review of Plaintiff's medical records. Again, however, Plaintiff simultaneously contends that Dr. Toor refused to review his medical

6

records. Under the facts alleged, it is equally plausible that misstatements, if any, were the result of negligence or medical malpractice. Plaintiff has not alleged facts to show that Dr. Toor knew that his statements were false or would lead to the denial of Plaintiff's Celebrex. See Twombly, 550 U.S. at 570 (plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible").

The allegation that Defendants Malakkla and Virk denied the Nonformulary Drug Request and denied Plaintiff's grievances is not, standing alone, sufficient to allege deliberate indifference. Plaintiff does not allege an improper motive for denying the Nonformulary Drug Request. Nor does he describe the content of his grievances or Defendants' responses. Without more, the Court cannot determine whether these decisions reflects a purposeful failure to respond to Plaintiff's pain or mere difference of opinion regarding appropriate treatment and pain medication.

Plaintiff has failed to allege a claim for deliberate indifference. He previously was advised of these deficiencies and failed to cure them. Further leave to amend would be futile and should be denied.

**B.    Injunctive Relief**

Plaintiff's request for reinstatement of his Celebrex prescription falls within the category of requests for injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir.

7

1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Plaintiff's request for injunctive relief is moot because he is no longer incarcerated at VSP, and nothing indicates he will be transferred back to VSP. See Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007). Although Plaintiff appears to allege he is not receiving Celebrex at his current institution, Plaintiff has not named any officials at his current institution as Defendants.

Accordingly, Plaintiff has failed to state a claim for injunctive relief. Leave to amend this claim would be futile and should be denied.

**V.    CONCLUSION AND RECOMMENDATION**

Plaintiff's second amended complaint fails to state any cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 31, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE